IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXIS QUINONES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 1:19-cv-114 |
| ADECCO USA, INC., | § § § | |
| Defendant. | § § § § | A Jury is Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ALEXIS QUINONES, by and through her undersigned counsel, brings this action against Defendant, ADECCO USA, INC. (hereinafter sometimes referred to as "Defendant"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA").

**PARTIES**

1. Plaintiff resides in Travis County, Texas.

2. From May of 2018 to February 13, 2019, Defendant employed Plaintiff as a recruiter.

3. Plaintiff, ALEXIS QUINONES, was an "employee" of Defendant, as that term is defined by the FLSA. During her employment with the Defendant,

1

the Plaintiff was individually and directly engaged in interstate commerce by her regular and recurring use the instrumentalities thereof (use of internet and interstate telephone calls) as part of her regular and recurring job duties, and her work was essential to Defendants' business.

4. During her employment, Defendant paid Plaintiff at the rate of $40,000.00 per year, plus bonuses.

5. Plaintiff's primary duties were to perform recruiting services for Defendant's clients.

6. Plaintiff's hours of work varied based on Defendant's schedule for the week. The Plaintiff typically worked in excess of 60 hours per workweek.

7. Defendant, ADECCO USA, INC., is a corporation formed and existing under the laws of the State of Florida and which maintains and operates a business in Travis County, Texas.

8. Defendant has operated a staffing agency for over 50 years.

9. Defendant is subject to the provisions of the FLSA because at all relevant times it engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).

10. At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

12. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

13. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

14. At all times material to this complaint, Defendant was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

## UNPAID OVERTIME WAGES

15. During her employment with Defendant, Plaintiff worked numerous workweeks in excess of 40 hours per week.

16. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

17. Plaintiff did not hold a position while employed by the Defendant that would qualify as exempt from the overtime requirements of the FLSA.

18. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

19. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

20. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

21. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

22. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

23. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

24. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

25. Plaintiff has retained the law firm of Ross Law, P.C. to represent her in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be her sole agent, attorney-

in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff, ALEXIS QUINONES, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

a. Judgment against Defendant for all unpaid overtime wages found to be due and owing;

b. Judgment against Defendant that its violations of the FLSA were willful;

c. Judgment against Defendant for an amount equal to the unpaid overtime compensation as liquidated damages;

d. If liquidated damages are not awarded, an award of pre-judgment interest;

e. Post-judgment interest at the applicable rate;

f. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

g. Leave to amend to add claims under applicable state laws, if necessary; and,

h. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## JURY TRIAL DEMAND

Plaintiff, ALEXIS QUINONES, hereby demands a trial by jury on all claims she has asserted in this Complaint.

Respectfully submitted,

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Harris, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**